## CIRCUIT COURT OF FAIRFAX COUNTY

Ronald Klar
and Deborah Klar

v.

Metropolitan Life Ins. Co.,
Metmor Financial Inc.,
Realty Executives 100, Inc.,
and Lien T. P. Tran

May 5, 1994

Case No. (Law) 125909

BY JUDGE JACK B. STEVENS

This matter is before the Court on a Motion for Summary Judgment by Defendants Lien T. P. Tran and Realty Executives 100, Inc., as to Count II of the Motion for Judgment. For the reasons set forth below, the motion is denied.

Plaintiffs are purchasers of a house in McLean, Virginia. Defendants Metropolitan Life and Metmor were the sellers; Defendants Lien T. P. Tran and Realty Executives 100, Inc., acted as the seller's agents. Count II involves defects in the property which were hidden or the existence of which was misrepresented by Tran and Realty.

The property was placed on the market for sale "as is," and the Plaintiffs made a bid on the property on June 1, 1992. That bid was not accepted. Plaintiffs subsequently made a second bid, and the parties entered into a sales contract on June 16, 1992. On August 17, 1992, the parties closed on that contract. Throughout the negotiations and the transfer, Tran and Realty acted as agents for the sellers.

In their amended pleadings, Plaintiffs allege that the Defendants, prior to the signing of the sales contract, misrepresented the condition of the home as to six specific defects or defective areas, including the construc-

tion of drainage tile in the crawl space and the cause of a standing water problem there, the condition of the cedar siding, the condition of the roofing, the source of a leakage problem in the garage, and some structural problems. In so misrepresenting or concealing defects, the Plaintiffs allege fraud in the inducement of the contract with resulting damage of $20,000. Defendants Tran and Realty have filed this Motion for Summary Judgment asserting that the opportunity to inspect and/or an actual inspection of the premises by the Plaintiffs precludes their cause of action for fraud.

The question before the Court is whether the Plaintiffs are precluded from a cause of action for fraud because of what they knew of the defects in the property and because they inspected or had an opportunity to inspect the property.

In a series of cases beginning with *Poe v. Voss*, 196 Va. 821 (1955), and concluding with *Boris v. Hill*, 237 Va. 160, 375 S.E.2d 716 (1989), the Supreme Court laid down the principle of law that applies to this case. This principle was summarized in *Armentrout v. French*, 220 Va. 458, 466, 258 S.E.2d 519, 524 (1979):

> The principle of law set forth in *Poe* and *Masche* is that a purchaser of real estate must discover for himself the true condition of the premises if he has information which would excite the suspicions of a reasonably prudent person. *Horner v. Ahern*, 207 Va. 860, 864, 153 S.E.2d 216, 219 (1967). But a very important exception to that rule is that the "seller must not do or say anything to throw the purchaser off his guard or to divert him from making the inquiries and examination which a prudent man ought to make . . . ."

The Court later decided that whether or not statements or actions could be construed to be sufficient to throw the reasonably prudent man off guard is a question for the jury. *Boris v. Hill*, 237 Va. at 165, 375 S.E.2d at 718.

The Klar's have cited specific instances of misrepresentation and concealment. Standing water was observed in a crawlspace. On May 31, 1992, and again on June 15, 1992, in response to specific inquiries about the crawlspace, the Klar's were informed by Tran and/or Realty that there was adequate drainage, including drain tiles, and the problem could be resolved by means of a sump pump. It is alleged that the drainage was not adequate and the premises did not include drain tiles. There was a leaking problem in the garage. Tran and a contractor hired by Tran represented to

the Klar's that the leakage came from a skylight and could easily be repaired with caulking. The pleadings and answers to interrogatories indicate that the repairs were much more extensive. Assertions were made to the Klars that the roof was of commercial quality and was in sound condition. These assertions were apparently false. Thus, conditions existed that would have placed a reasonably prudent man on notice to make an inspection. However, actions were taken and statements made by Tran and Realty that a jury could find would throw the reasonably prudent man "off guard."

Whether the actions taken by Tran and Realty, and the misrepresentations made by them, were sufficient to throw the Klar's off guard to the extent that they failed to make inspections and inquiries that a reasonably prudent man would have made constitutes a question of material fact to be decided. For these reasons, the Motion for Summary Judgment must be denied.